**Federal Communications Commission, John and Jane Doe 1–20, Defendants.**

**No. 07–0475–cv.**

**United States Court of Appeals, Second Circuit.**

**Jan. 15, 2009.**

**Leonard R. KAHN, Plaintiff–Appellant,**

**Kahn Communications, Inc., Plaintiff,**

**v.**

**iBIQUITY DIGITAL CORPORATION, Lucent Technologies Inc., Clear Channel Communications, Inc., Texas Instruments Incorporated, Defendants–Appellees,**

---

Leonard R. Kahn, New York, NY, Appellant pro se.

John J. Clarke, Jr. (Stephanie K. Vogel, of counsel), DLA Piper U.S. LLP, New York, N.Y. (for iBiquity Digital Corporation).

Barry R. Satine (Kate Bushman, of counsel), Jones Day, New York, NY, (Jay C. Johnson, Richard R. Andrews, Texas Instruments Incorporated, Dallas, TX, on the brief) (for Texas Instruments Incorporated).

Michael G. Biggers (Benson V. Martin, of counsel), Bryan Cave LLP, New York, N.Y. (for Lucent Technologies, Inc.).

Gideon A. Schor, Wilson Sonsini Goodrich & Rosati, New York, N.Y. (for Clear Channel Communications, Inc.).

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Leonard R. Kahn appeals *pro se* from an order dismissing his complaint, which included claims pursuant to sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, for want of jurisdiction and for failure to state a claim upon which relief can be granted. We assume the parties' familiarity with the underlying facts and procedural history of the case, and the issues on appeal.

Section 1 of the Sherman Act makes illegal "[e]very contract, combination ... or conspiracy, in restraint of trade or commerce." 15 U.S.C. § 1. As its text suggests, the provision "'does not prohibit [all] unreasonable restraints of trade ... but only restraints effected by a contract, combination, or conspiracy.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 775, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984)). The Supreme Court held in *Twombly* that "stating [a section 1] claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made," explaining that the relevant facts to be pleaded are those which would "render [the claim of] conspiracy plausible." *Id.* at 1965–66.

We need not decide whether our duty to construe *pro se* pleadings liberally, *see, e.g., Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir.2008); *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir.2008), is inapplicable in antitrust cases because even if we relax *Twombly*'s pleading standard, we find Kahn's complaint insufficient to give the appellees fair

notice of his claim and the grounds upon which it rests.

█ The only claim arguably supported by factual allegations from which one might infer concerted action in the case at bar is Kahn's allegation that the defendants conspired to influence the FCC. The district court correctly determined that this claim is barred by the *Noerr–Pennington* doctrine. "[T]he Sherman Act does not prohibit two or more persons from associating together in an attempt to persuade the legislature or the executive to take particular action with respect to a law that would produce a restraint or a monopoly." *E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 136, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961). The rule applies to concerted attempts to influence administrative agencies like the FCC. *United Mine Workers of Am. v. Pennington*, 381 U.S. 657, 670, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965).

█ Otherwise, the complaint pleads no facts—other than bare allegations of conspiracy—which plausibly suggest that an agreement was made among the appellees. It sets forth certain other discrete instances of allegedly anticompetitive behavior—for example, the defendants' alleged interference, through "unnamed co-conspirator, Univision Radio," with an oral contract the plaintiffs had with WADO radio, and the alleged boycott of certain devices for which the plaintiff holds property rights. But there are no facts alleged to support the inference that those actions were more plausibly concerted conduct than "lawful parallel conduct." *Twombly*, 127 S.Ct. at 1966.

For similar reasons, the complaint fails to state a claim under section 2 of the Sherman Act. It contains no non-conclusory allegations to support a claim the defendants "monopolize[d], or attempt[ed] to monopolize, or combine[d] or conspire[d]

... to monopolize any part of [interstate or foreign commerce]." 15 U.S.C. § 2.

To the extent Kahn moves to reinstate the FCC as a defendant or to add new corporate defendants, the motion is denied. To the extent Kahn seeks to renew his challenge to any FCC regulatory action, this Court lacks jurisdiction over such challenges absent a petition for review. *See FCC v. ITT World Commc'ns, Inc.*, 466 U.S. 463, 468, 104 S.Ct. 1936, 80 L.Ed.2d 480 (1984) (citing 28 U.S.C. § 2342(1) and 47 U.S.C. § 402(a)).

We have carefully considered Kahn's remaining arguments on appeal and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.